FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 NOV 20 PM 12: 02
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DARIUS LAQUAN MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-142 |
| | ) | |
| Major WILLIAM E. JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On September 25, 2012, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 3.)

In lieu of returning the required paperwork, Plaintiff filed a "Notice of Motion to Proceed As a Poor Person Upon Appeal." (Doc. no. 4.) The Court denied the motion as moot on October 26, 2012.[1] However, because the time for responding to the Court's

---

[1]The Court denied the motion as moot because Plaintiff requested "to prosecute this appeal from the judgment entered in this action on the 29th Day of September, 2012 as a

September 25, 2012 Order had expired, the Court granted Plaintiff fourteen (14) additional days to return his IFP paperwork. (See doc. no. 5.) Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. (See id.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's September 25th, 2012 Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff has been warned repeatedly that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this 20th day of November, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

poor person," (see doc. no. 4), but no judgment had been entered in the case. (See doc. no. 5.)